*488 OPINION of the Court, by
Judge Boyle.
— In this case three counts were laid in the declaration : 1st. for . - , goods, wares and merchandise ; 2d. tor money lent ; an(j 3d, for money laid out and expended by the plain» t;ff to the defendant’s use. • Non assumpsit was pleaded to all the counts, and a farther plea, m the following words, to wit: “that the plaintiff aforesaid his action aforesa¡d ought not to have and maintain, because he 6 , - i. • t r says that on the —— day or — -, at the parisn ot Kentucky, and county of Harrison, and circuit afore* sa"lc*’ uPon a conversation then and there had and moved by and between said plaintiff and defendant respecting the account of the plaintiff herein filed, he, the said plaintiff* then and there agreed, that if James Coleman would assume upon himself and promise to pay him, the said plaintiff, the amount of said account of said pl'dndff against said defendant, that he, the said plaintiff, would receive the said James Coleman and his assumption in full discharge of the aforesaid account, and wou]f] g¡ve the account aforesaid of this defendant credit in full, and would charge the same to said James Coleman and collect it of him ; and the said defendant in p that said James Coleman did assume upon him-J J • j i • rr .l , * sell and promise to pay to said plaintiff the amount ol the account aforesaid, and the said plaintiff also promise(j thereon that he would give said defendant’s account credit in full, and take and receive said James Coleman *489 for the same ; and this defendant says, that relying on Said agreement and accord, has paid to James Coleman, before the commencement of this suit, the amount of said account, and this he is ready to verify, &c. ; wherefore he prays judgment,” &c.
On feveral is-fues on feveral counts, final judgment cannot be give» until the iiTue on each count; is difpofed ofa
To this plea there was a general demurrer, which was overruled by the court, and judgment given for the defendant; to reverse which this writ of error has been sued out.
The only question made in this court is as to the sufficiency of the plea recited as a bar to the plaintiff’s action.
On a general demurrer, objections extending only to the form of the pleading cannot be regarded. It is therefore with reference to the substance alone of this plea that it has received any consideration from the court; and in this respect there appears ample room for objection.
It asserts, in bar of the action, a promise of a third person, and the acceptance on the part of the plaintiff of that promise to pay the amount of the account filedy without averring what that amount was, or that it wa* for the same demand for which the action was brought; and when, in fact, there is no reference made by any one of the counts in the declaration to any account filed. In this respect then the plea must be deemed defective for uncertainty, not in the mere circumstances of time and place, but in its essential matter.
Were the court authorised to indulge presumptions not warranted by the record itself, it would seem natural to infer that the account alluded to in the plea was for the goods, wares and merchandise mentioned in the first count in the declaration. But still, with this presumption in favor of the plea, the judgment rendered by the court below would be clearly erroneous. Where there are several counts laid in the declaration, and a matter is pleaded which is a bar to one only, and no answer given to the others, the plaintiff would be entitled to recover on them, though the issue on the other might be decided against him ; and so if an answer were given to them, and an issue made up thereon, it must be decided before final judgment could be rendered in the cause. In this case, according to the presumption before mentioned, if we suppose the matter of the plea to relate only *490 to the first count, and that in all other respects it w&S Unobjectionable, the issue of non assumpsit ought to have been tried before final judgment was rendered.
But further, the plea is vitious because it alleges no consideration upon which the promise of james Coleman to pay the account of the defendant! was made. It ⅛ therefore a mere nude pact, which could not be enforced by an action.
Upon the whole, the court is of opinion that the circuit court erred in overruling the demurrer to the plea»
Judgment reversed.